STATE OF LOUISIANA      *      NO. 2021-KA-0315

VERSUS      *

         **COURT OF APPEAL**

REGAN PREATTO      *

         **FOURTH CIRCUIT**

     *

         **STATE OF LOUISIANA**

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 534-657, SECTION "DIVISION D"
Judge Kimya M Holmes,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Paula A. Brown)

Jason Rogers Williams
DISTRICT ATTORNEY
ORLEANS PARISH
David B. LeBlanc
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR THE STATE OF LOUISIANA

Holli Herrle-Castillo
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, LA 70073-2333

     COUNSEL FOR DEFENDANT/APPELLANT

         **CONVICTIONS AND SENTENCES
         VACATED; REMANDED.**

         **DECEMBER 1, 2021**

**EAL**

**RLB**

**PAB**

In this appeal, the defendant challenges his convictions as unconstitutional pursuant to *Ramos v. Louisiana,* 590 U.S. ___, 140 S. Ct. 1390, 206 L.Ed. 2d 583 (2020). The State does not dispute that, in accordance with current jurisprudence, the convictions are unconstitutional.

***Relevant Facts and Procedural History***

On September 20, 2019, by ten-to-two votes, a non-unanimous jury found Regan Preatto guilty on two counts: (1) third degree rape and (2) aggravated crime against nature where the victim is under the age of eighteen and the offender is biologically related to the victim. In February 2020, he was sentenced to twenty-five years imprisonment in connection with his third degree rape conviction, to be served without the benefit of probation, parole or suspension of sentence. With respect to his aggravated crime against nature conviction, the court sentenced defendant to twenty years imprisonment, specifying that the terms were to be served concurrently. After a multiple-offender adjudication, the district court found the defendant to be a fourth-felony offender, vacated the earlier sentences, and sentenced the defendant on both counts to serve the remainder of his natural life,

1

without the benefit of probation, parole, or suspension of sentence, in the custody of the Department of Corrections.

Following sentencing, the district court granted the defendant's oral motion for appeal and request for appointment of the Louisiana Appellate Project on appeal. This appeal was timely filed.

*Discussion*

At the time of the defendant's trial and conviction in September 2019, Louisiana law allowed non-unanimous jury verdicts in felony trials. In April 2020, while the defendant's appeal was pending, the United States Supreme Court rendered its decision in *Ramos v. Louisiana,* setting forth a new constitutional rule: the Sixth Amendment right to a jury trial, as incorporated against the states through the Fourteenth Amendment, requires a unanimous jury verdict to convict a defendant of a serious offense. In addition, *Ramos* invalidated the non-unanimous convictions of defendants who preserved the issue for review in cases still on direct appeal. *Ramos,* 140 S. Ct. at 1406-08; *see also Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S. Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final").

Since *Ramos,* this court has consistently vacated convictions based on non-unanimous jury verdicts in cases pending on appeal. *See, e.g., State v. Myles*, 2019-0965 (La. App. 4 Cir. 4/29/20), 299 So.3d 643; *State v. Donovan*, 2019-0722 (La. App. 4 Cir. 5/27/20), 301 So.3d 541; *State v. Hunter*, 2019-0901 (La. App. 4 Cir. 5/27/20), ___ So.3d ___, 2020 WL 2751914. Moreover, in this case, the defendant specifically preserved the non-unanimous jury verdict as an issue for review on appeal by filing a pre-trial motion to declare La. Code Crim. Proc. art.

2

782(A) and La. Const. Art. 1 Sec. 17 unconstitutional for allowing non-unanimous jury verdicts and by requesting jury instructions requiring a unanimous verdict. Therefore, the defendant's underlying convictions must be vacated.

The defendant also argues on appeal that the district court erred in adjudicating him to be a fourth-felony offender because the State's evidence failed to prove the validity of the Texas guilty plea and, absent the Texas conviction, defendant's prior convictions fall outside the cleansing period. In light of the defendant's convictions being vacated, the defendant's habitual offender adjudication and sentences are necessarily vacated, rendering this issue moot. *See State v. DeGruy,* 2020-0290, p. 6 (La. App. 4 Cir. 10/29/20), 307 So.3d 258, 263 (excessive sentence claim rendered moot in light of fact that convictions were vacated pursuant to *Ramos*); *State v. Barnes,* 53,917, p. 5 (La. App. 2 Cir. 5/5/21), 318 So.3d 1100, 1103 ("Because the underlying conviction is vacated [pursuant to *Ramos*], we further vacate [defendant's] habitual offender adjudication and sentence."); *State v. Bryant,* 53,321 (La. App. 2 Cir. 9/1/21), ___ So.3d ___, 2021 WL 3889799 (same); *State v. Warren,* 2019-1410 (La. App. 1 Cir. 7/24/20), 2020 WL 4250839 (same).

*Conclusion*

After review of the record in light of the applicable law and arguments of the parties, the defendant's convictions, habitual offender adjudications, and sentences are vacated. The matter is remanded to the district court for further proceedings.

**CONVICTIONS AND SENTENCES VACATED; REMANDED.**